SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
THOMAS R. KAUFMAN, Cal. Bar No. 177936
tkaufman@shepardmullin.com
MICHAEL T. CAMPBELL, Cal. Bar No. 293376
mcampbell@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
San Bernardino, California 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RUBEN D. ESCALANTE, Cal. Bar No. 244596
rescalante@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
WELLS FARGO BANK, N.A

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA AGUILAR (sic), an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. 5:15-cv-1833<br><br>(Superior Court Case No. CIV DS1511231)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Bernardino, to the United States District Court for the Central District of California.[1] This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1. On or about August 6, 2015, Plaintiff Rosa Aguilera ("Plaintiff"), who is erroneously named in the caption of the Complaint as "Rosa Aguilar," filed a Complaint against Wells Fargo in the Superior Court of the State of California, County of San Bernardino, Case No. CIV DS1511231 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

2. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Wells Fargo. Specifically, Plaintiff brings claims for (1) wrongful discharge in violation of public policy; (2) race and national origin discrimination; and (3) "unlawful retaliation – whistleblowing" against Wells Fargo.

## TIMELINESS OF REMOVAL

3. Plaintiff served Wells Fargo with a copy of the Complaint on August 13, 2015. A true and correct copy of the Summons is attached as **Exhibit "B."**

---

[1] There is no requirement at the removal stage to attach evidence to support the allegations in the removal. Rather, removal is governed by Rule 8 requiring only a "short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014).

4. On September 4, 2015, Wells Fargo filed its general denial Answer in state court. A true and correct copy of the Answer Wells Fargo filed is attached as **Exhibit "C."**

5. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6. **Plaintiff's Citizenship:** Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California.[2] To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Wells Fargo is informed and believes, and on that basis alleges, that Plaintiff was domiciled in California while she worked for Wells Fargo in California. Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

7. **Wells Fargo's Citizenship:** The proper defendant here, Wells Fargo Bank, N.A., is not a citizen of California. Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where its main office is "located." Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota. *See Rouse v. Wachovia Mortgage, FSB*, 747 F.3d 707, 711 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota, where its main office is located"). Accordingly, Wells Fargo Bank,

---

[2] Complaint ¶ 1 ("Plaintiff now, and at all relevant times has resided in the County of San Bernardino, State of California.").

N.A. is only a citizen of South Dakota and not California for diversity purposes. Thus, complete diversity exists here.

8. **Doe Defendants:** Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

10. **Alleged Lost Wages:** Plaintiff pleads that Wells Fargo wrongfully terminated Plaintiff's employment on May 20, 2015.[3] Plaintiff alleges that as a result of the purported wrongful termination, she has lost earnings.[4] At the time of her termination from Wells Fargo, Plaintiff earned $13.00 per hour, which translates into approximately $27,040 per year. Plaintiff did not plead that she has regained alternative employment. Therefore, assuming it takes more than one year by the time this matter is resolved by trial, Plaintiff's claimed lost earnings will most likely be in excess of $35,000.

**11. Emotional Distress Damages:** In addition, Plaintiff alleges that, as a result of Wells Fargo's alleged wrongful termination of her employment, she has suffered "severe emotional and physical distress."[5] The emotional distress component of Plaintiff's alleged damages must be considered in determining

---

[3] Complaint ¶ 10.
[4] Complaint ¶ 14.
[5] Complaint ¶ 14.

-3-

whether the amount in controversy requirement has been established. *See, Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See, Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in a wrongful termination case like this one. *See, e.g.*, *Roby v. McKesson*, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000), as well as an additional $600,000 in non-economic damages for harassment). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

**12.  Punitive Damages:**  The Complaint also alleges that Plaintiff is entitled to recover punitive damages for Wells Fargo's allegedly despicable misconduct.[6] Punitive damages should be considered when determining the amount in controversy. *See, Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

**13.  Attorneys' Fees:**  The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees.[7] Attorneys' fees are available as a matter of right to a prevailing Plaintiff suing under the Fair Employment and Housing Act. Govt. Code §12965. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See, Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in the amount in

---

[6]  Complaint ¶¶ 16, Prayer ¶ 2.

[7]  Complaint, Prayer ¶ 3.

-4-

1  controversy, regardless of whether the award is discretionary or mandatory). If
2  Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that
3  Plaintiff could recover more than $75,000 in attorneys' fees.

4    14.    Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## **VENUE**

15. Venue lies in the Central District of California pursuant to 28 U.S.C. Sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of San Bernardino, and the Wells Fargo office where Plaintiff worked is located in the County of San Bernardino, California.

## **NOTICE OF REMOVAL**

16. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

17. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Wells Fargo or filed by Wells Fargo are attached hereto as the following exhibits, including the Complaint (Exhibit A), the Wells Fargo Summons and other documents served on Wells Fargo with the Complaint (Exhibit B), and Wells Fargo's Answer (Exhibit C).

///
///
///
///
///
///
///

-5-

1    **WHEREFORE**, Wells Fargo requests that the above action pending before
2 the Superior Court of the State of California for the County of San Bernardino be
3 removed to the United States District Court for the Central District of California.
4 Dated: September 8, 2015

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By         */s/ Thomas R. Kaufman*
                            THOMAS R. KAUFMAN
                            RUBEN D. ESCALANTE
                            MICHAEL T. CAMPBELL
                            Attorneys for Defendant
                            WELLS FARGO BANK, N.A.