SANFORD A. KASSEL (SBN 100681)
SANFORD A. KASSEL, A Professional Law Corporation
Wells Fargo Bank Building
334 West Third Street, Suite 207
San Bernardino, CA 92401
Tel: (909) 884-6541
Fax: (909) 884-8032
Email: office@skassellaw.com

ATTORNEY FOR PLAINTIFF

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ROSA AGUILAR,<br><br>  Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. and DOES 1 THROUGH 100, Inclusive,<br><br>  Defendant | Case No.: CIV DS1511231<br><br>COMPLAINT FOR:<br>(1) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY;<br>(2) RACE DISCRIMINATION AND/OR NATIONAL ORIGIN DISCRIMINATION;<br>(3) UNLAWFUL RETALIATION - WHISTLE-BLOWING |

Plaintiff, ROSA AGUILERA, alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff now, and at all relevant times has, resided in the County of San Bernardino, State of California.

2. At all times alleged herein, plaintiff was employed by defendants WELLS FARGO BANK, N.A. and Does 1 through 50, and each of them in the County of San Bernardino, State of

- 1 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

California and the defendants' conduct hereinafter alleged occurred in said County and State. In addition, at all times herein defendants Does 51 through 100, inclusive, and each of them, were plaintiff's direct and immediate supervisors and engaged in the unlawful and actionable conduct as alleged herein.

2. At all times alleged herein, plaintiff was employed by defendants, WELLS FARGO BANK, N.A. and Does 1 through 50, and each of them, in San Bernardino County, California, and the defendants' conduct hereinafter alleged occurred in said County and State. In addition, at all times alleged herein defendants Does 51 through 100, inclusive, and each of them, were plaintiff's direct and immediate supervisors and engaged in the unlawful and actionable conduct as alleged herein.

3. Plaintiff is informed and believes, and on that basis, alleges that defendants, WELLS FARGO BANK, N.A. and Does 1 through 50, inclusive, and each of them, were corporations and/or other business entities form unknown conducting business in the State of California, County of San Bernardino.

4. Plaintiff is informed and believes and on that basis alleges that defendants, Does 51 through 100, inclusive, and each of them, were at all relevant times individuals residing and working in the County of San Bernardino, State of California.

5. The true names and capacities of defendants named as Does 1 through Does 100, inclusive, are presently unknown to plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes, and on that basis, alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

- 2 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

6. Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other. Moreover, at all relevant times there existed such a unity of interest and ownership between the corporation and its equitable owner that no separation actually existed and an inequitable result if the acts in question are treated as those of the corporation alone.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. On or about September 22, 2014, plaintiff was hired by defendants WELLS FARGO BANK, N.A. and Does 1 through 50, and each of them, as a collector. On or about May 1, 2015, plaintiff was told she needed to take a test in order to ensure that she could speak Spanish to the satisfaction of defendants WELLS FARGO BANK, N.A. and Does 1 through 50, inclusive, and each of them. Thereafter, plaintiff began taking calls in Spanish, and was handling collections issues where there were past-due payments from customers ranging from one month to five months delinquent. Plaintiff was advised by her supervisor that one of the reasons she was hired was because she is bilingual and that she had to take these calls, even though she would be collecting payments that were more than 1-2 payments past due. Payments which exceed being 3-5 months past-due are designated or assigned to a level collector 3 and above.

8. As of May 1, 2015, defendants and each of them also directed bilingual Spanish-speaking representatives to interpret calls for the home preservation department for no additional increase in salary. This task, however, had nothing to do with collections, and therefore adversely affected plaintiff's collections portal because she and others in her position were not able to collect while also taking the interpretation calls.

- 3 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

9. At all times, plaintiff believed it was for defendants and each of them to require bilingual Spanish-speaking level 1 collectors, who were predominantly Hispanic, to interpret calls and not to require other bilingual level 1 collectors who were of other ethnicities to interpret such calls.

10. Accordingly, plaintiff complained to her supervisor that this policy (which required only bilingual Spanish-speaking collectors to translate calls) was not fair. Plaintiff also complained to her supervisors that if she would continue to be required to take interpretation calls, she should be given a raise in pay for performing more work than her non-Hispanic counterpart collectors. In this regard, plaintiff expressed to her supervisors that it was not fair to have Hispanic collectors take interpretation calls in addition to their regular collection duties for the same amount of pay. Plaintiff's supervisor, however, responded that there would be no raise in pay for Hispanic collectors performing additional duties and that interpreting calls was a new task defendants and each of them had implemented. Plaintiff was then terminated on or about May 20, 2015, approximately three weeks after her complaints to her supervisor. Said termination was in retaliation for plaintiff's complaints concerning the unfair treatment of Hispanic employees are described herein. Hispanic collectors, including plaintiff, were being treated unfairly because while monolingual representatives were only taking level 1 calls, bilingual Hispanic agents were taking calls at level 3 and above while only receiving level 1 pay.

11. In addition to the foregoing, plaintiff and other Hispanic employees were subjected to a hostile and harassing work environment by defendants and each of them. As part of the training process, these employees, including the plaintiff, were unnecessarily subjected to what defendants and each of them refer to as "Marcy Calls". In this calls, "Marcy" (a supervisor) would assume the role of a hypothetical customer and proceed to berate, abuse, use profanity, and harass the Hispanic employees, including plaintiff. While defendants and each of them claimed that these calls were in

- 4 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

preparation for dealing with actual customers, they were not. Nor were they directed to other non-Hispanic employees.

## FIRST CAUSE OF ACTION

(Wrongful Discharge in Violation of Public Policy against

Defendants Wells Fargo Bank, N.A. and Does 1 through 50)

12. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

13. Plaintiff was terminated by defendants, and each of them, for having reported and complained about defendants' unfair and discriminatory treatment of Hispanic employees, including plaintiff, as described herein. The above-described conduct of defendants constitutes retaliation and wrongful termination of plaintiff in violation of public policy embodied in various statutes and other law, including but not necessarily limited to Labor Code sections 98.6 and 1102.5. Plaintiff submitted a complaint with the Department of Fair Employment Housing (DFEH) on or about June 8, 2015. A true and correct copy of plaintiff's said DFEH complaint is attached herewith as Exhibit 1. The DFEH issue a right to sue notice the same day. A true and correct copy of the right to sue notice is attached herewith as Exhibit 2.

14. As a result of defendants' discriminatory and unlawful actions against plaintiff, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

15. As a further direct and legal result of the conduct of defendants, and each of them, as above described, plaintiff was required to and did employ physicians to examine, treat and care for her, thereby incurring medical expenses in an amount according to proof at trial. Plaintiff is

informed and believes, and thereon alleges, that she will require medical treatment in the future for the injuries suffered by her as a result of the above described negligence on the part of the defendants.

16. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

(Race Discrimination and/or National Origin Discrimination against Defendants Wells Fargo Bank, N.A. and Does 1 through 50, Labor Code section 98.6 and Government Code section 12940(h))

17. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

18. In engaging in the conduct as described herein, defendants and each of them unlawfully discriminated against plaintiff based on her race in violation of various laws, including but not necessarily limited to the Fair Employment and Housing Act ("FEHA) as set forth in Government Code section 12940(a). As set forth above, defendants' policy requiring Spanish speaking employees such as plaintiff who were employed as collectors to translate calls in Spanish adversely impacted plaintiff and her protected group. Defendants' policy required Hispanic collectors such as plaintiff to take time out of their day to perform an extra task or tasks (translating calls) which in turn adversely affected their ability to earn commissions in comparison to non-Hispanic employees.

19. As a result of defendants' discriminatory and unlawful actions against her, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment

- 6 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

### THIRD CAUSE OF ACTION

(Unlawful Retaliation/Hostile Work Environment Harassment against all defendants Pursuant to Statute, including Labor Code Section 1102.5 and Government Code Sections 12653 and 12940(j)(3))

20. Plaintiff incorporates each and every other allegation of this Complaint as though fully set forth herein.

21. As alleged herein, plaintiff opposed defendants' discriminatory and unlawful practices and voiced her complaints to defendants.

22. Defendants and each of them, however, continued to subject plaintiff to a hostile working environment and ultimately terminated her as a result of her complaints. The foregoing conduct of defendants and each of them, was hostile, pervasive and effectively changed the conditions of plaintiff's employment, thereby amounting to hostile environment harassment within the meaning of *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 710 and otherwise subjecting defendants and each of them to liability pursuant to Government Code section 12940(j)(3). The conduct of defendants, and each of them, in harassing plaintiff was repeated and continuous.

23. As a result of defendants' retaliation against her plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

24. Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

- 7 -
COMPLAINT FOR WRONGFUL DISCHARGE, ETC.

WHEREFORE, plaintiff prays:

1. For compensatory damages according to proof and prejudgment and post-judgment interest thereon to the extent allowable by law;

2. For exemplary and punitive damages according to proof;

3. For reasonable attorney's fees and expert witness fees pursuant to statute and law, including but not necessarily limited to, Government Code section 12965(b), Code of Civil Procedure section 1021.5 and Labor Code sections 218.5(a) and 1194;

4. For costs of suit; and

5. For such other and further relief as the court may deem proper.

Dated: August 4, 2015　　　　　　　　　　SANFORD A. KASSEL
　　　　　　　　　　　　　　　　　　　　*A Professional Law Corporation*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　SANFORD A. KASSEL, ESQ.
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

EXHIBIT " 1 "

|    | COMPLAINT OF EMPLOYMENT DISCRIMINATION |
|----|---|
| 1  | |
| 2  | BEFORE THE STATE OF CALIFORNIA |
| 3  | DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING |
| 4  | Under the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) |
| 5  | |
| 6  | In the Matter of the Complaint of              DFEH No. 570185-161887-R |
| 7  | , Complainant. |
| 8  | |
| 9  | vs. |
| 10 | |
| 11 | Wells Fargo Respondent. 1003 E Brier Drive |
| 12 | San Bernardino, California 92401 |
| 13 | |
| 14 | Complainant alleges: |
| 15 | 1. Respondent Wells Fargo is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA. |
| 16 | |
| 17 | 2. On or around May 20, 2015, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied equal pay, Terminated, . Complainant believes respondent committed these actions because of their: Ancestry, Engagement in Protected Activity, National Origin - including language use restrictions, Race . |
| 18 | |
| 19 | 3. Complainant resides in the City of Colton, State of California. If complaint includes co-respondents please see below. |
| 20 | |
| 21 | |
| 22 | |

| | |
|---|---|
| 1 | |
| 2 | **Additional Complaint Details:** |
| 3 | |
| 4 | On September 22, 2014, I was hired by Wells Fargo as a collector. On or around May 1, 2015, I was told I needed to take a test in order to make sure I could speak Spanish to the employers satisfaction. After this point I started taking calls in Spanish. Agents who handle collections calls in Spanish deal with past-due payments ranging from one month to five months delinquent. My supervisor told me one of the reasons I was hired was because I am bilingual and that I had to take these calls, even though I would be collecting payments that were more than 1-2 payments past due. If they go beyond 3-5 months past-due, that is designated as level collector 3 and above. As of May 1, 2015, Wells Fargo also directed bilingual Spanish-speaking representatives to interpret calls for the home preservation department for no additional increase in salary, and this task had nothing to do with collections, therefore hurt our collections portal because we are not able to collect while we take the interpretation calls. I believed it unfair to require bilingual Spanish-speaking Collector 1s (predominantly Hispanics) to interpret calls and not to require other bilingual Collector 1s (Japanese, Egyptian, Chinese, etc.) to interpret calls. I told my supervisor that this policy (which required only bilingual Spanish-speaking Collectors to translate calls) is not fair. I also told my supervisors if I took the interpretation calls, it would only be fair that I should expect a raise for doing more work then other (non-Hispanic) Collectors. I told my supervisor that it was unfair to have collectors take interpretation calls on top of our regular collection duties for the same amount of pay. My supervisor said there would be no raise and interpreting calls was a new task Wells Fargo implemented. I was terminated approximately three weeks after this claim to my supervisor. I strongly believe I was terminated in retaliation for reporting these unfair wage practices and and for being Hispanic. The Spanish-speaking agents were being taken advantage of because the monolingual representatives were only taking level 1 calls, while bilingual agents were taking calls at level 3 and above while only receiving level 1 pay. I also feel the training that myself and others went through was a hostile / harassing work environment. As part of the training process, the supervisor came to speak to us and do what the company refers to as a "Marcy Call". Marcy would assume the role of a hypothetical customer and proceed to berate, abuse, use profanity, and harass the employees, claiming that this is preparation for dealing with actual customers. |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |

Date Filed: June 08, 2015

Date Amended: June 08, 2015

## VERIFICATION

I, Rosa Aguilera, am the Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 08, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Colton California
Rosa Aguilera

EXHIBIT "2"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency　　　　　　　　GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**　　　　DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

June 08, 2015

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 570185-161887-R
Right to Sue: / Wells Fargo

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency | GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

# AMENDED

June 08, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 570185-161887-R
Right to Sue: / Wells Fargo

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency         GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**         DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

# AMENDED

June 08, 2015

RE:  Notice of Case Closure and Right to Sue
DFEH Matter Number: 570185-161887-R
Right to Sue: / Wells Fargo

Dear ,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 08, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                       DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc: