```
 1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    THOMAS R. KAUFMAN, Cal. Bar No. 177936
 2  tkaufman@sheppardmullin.com
    MICHAEL T. CAMPBELL, Cal. Bar No. 293376
 3  mcampbell@sheppardmullin.com
    1901 Avenue of the Stars, 16th Floor
 4  Los Angeles, California 90067
    Telephone:   310.228.3700
 5  Facsimile:   310.228.3701

 6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    RUBEN D. ESCALANTE, Cal. Bar No. 244596
 7  rescalante@sheppardmullin.com
    333 South Hope Street, 43rd Floor
 8  Los Angeles, California 90071-1422
    Telephone:   213.620.1780
 9  Facsimile:   213.620.1398

10  Attorneys for Defendant
    WELLS FARGO BANK, N.A.
11
```

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

SEP 0 4 2015

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| ROSA AGUILAR (sic), an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. CIV DS1511231<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>[Complaint filed: August 6, 2015] |



Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), for itself and no others, hereby answers the unverified Complaint of Plaintiff Rosa Aguilera ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies, generally and specifically, each and every allegation, statement, and matter, and each purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, denies generally and specifically that Plaintiff has been damaged in any way at all by reason of any acts or omissions of Defendant.

## ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2. Defendant is informed and believes and, based on such information and belief, alleges that Plaintiff, by her conduct, is estopped from asserting any cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. Defendant is informed and believes and, based on such information and belief, alleges that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. Defendant is informed and believes, and based upon such information and belief, alleges that Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Beyond the Scope of the Administrative Charge)

5. To the extent Plaintiff asserts claims in her Complaint that were not made the subject of a timely Complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code section 12965, the court lacks jurisdiction with respect to these claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Same Action Regardless of Protected Conduct – Mixed Motive)

6. Defendant denies that it unlawfully discriminated against, or retaliated against Plaintiff. Assuming that Plaintiff could prove that Wells Fargo relied, in part, upon an illegal motivation in terminating her employment, Wells Fargo would still have taken the same adverse action even if it had not relied upon the illegal ground.

## SEVENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

7. Defendant is informed and believes, and based upon such information and belief, alleges that Plaintiff is barred, in part or total, from recovery of any damages based upon the doctrine of after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. Defendant is informed and believes and upon such information and belief, alleges that Plaintiff failed to mitigate her purported damages, if any, and to the extent of that failure to mitigate, her claims are barred.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Take Advantage of Preventive/Corrective Opportunities)

9. Defendant exercised reasonable care to prevent and to correct any unlawful discriminatory and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

10. Insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury based on conduct by Defendant that neither contravenes fundamental California public policy nor exceeds the risks inherent in the employment relationship, such recovery is barred by California Labor Code sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an action or a claim under the Workers' Compensation Act.

## ELEVENTH DEFENSE
### (Award of Punitive Damages is Unconstitutional)

11. To the extent that Plaintiff seeks punitive of exemplary damages in the Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendment to the United States Constitution and under the Constitution of the State of California.

## TWELFTH DEFENSE
### (National Bank Act Preemption)

12. Plaintiff's claims for wrongful termination are barred to the extent they are preempted by the National Bank Act.

\\
\\
\\

## THIRTEENTH DEFENSE

### (National Labor Relations Act Preemption)

13. Defendant is informed and believes that Plaintiff's claims for retaliation and wrongful termination based upon Plaintiff's alleged concerted activities are barred to the extent they are preempted by the National Labor Relations Act because primary jurisdiction over these claims lies with the National Labor Relations Board.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by her unverified Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded reasonable attorneys' fees according to proof;
4. That Defendant be awarded the costs of suit incurred herein; and
5. That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

Dated: September 4, 2015    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
THOMAS R. KAUFMAN
RUBEN D. ESCALANTE
MICHAEL T. CAMPBELL
Attorneys for Defendant
WELLS FARGO BANK, N.A.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On September 4, 2015, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

**See Attached Service List**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 310.228.3701. The transmission was reported as complete and without error. No error was reported by the fax machine that I used. A transmission report was properly issued by the sending fax machine.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gschemerhorn@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at _____ a.m./p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2015, at Los Angeles, California.

Gina E. Schemerhorn

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | Sanford A. Kassel, Esq. |
| 4 | Wells Fargo Bank Building<br>334 West Third Street, Suite 207 |
| 5 | San Bernardino, CA 92401<br>Tel: (909) 884-6541 |
| 6 | Fax: (909) 884-8032<br>Email: office@skassellaw.com |